**IT IS ORDERED as set forth below:**

**Date: July 29, 2015**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: ) | |
| WILLIAM ALLEN TREXLER ) | Case No. 14-52495-wlh |
| ) | |
| Debtor, ) | Hon. Wendy L. Hagenau |
| ) | |
| _____ ) | |
| ) | |
| JOHN J. FLEMM ) | |
| ) | Adv. Proc. No. 14-05133 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM ALLEN TREXLER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## CONSOLIDATED PRETRIAL ORDER

**(1) A statement of any pending motions or other matters.**

None at this time.

**(2)** The parties state that Discovery is extended on mutual consent until August 11, 2015 (14 days before trial) in order to allow sufficient time for the depositions of: William Trexler (in person), and John Flemm (telephonically).  Any non-party depositions in order to preserve evidence for trial may be taken as otherwise authorized by law.

**(3) A statement as to the correctness of the names of the parties and their capacity and as to any issue of misjoinder or non-joinder of parties.**

The names of the parties are correct and there is no issue of misjoinder or non-joinder of parties.

**(4) A statement as to any question of the Bankruptcy Court's jurisdiction and the statutory basis of Jurisdiction.**

This adversary proceeding is brought in connection with the Defendant's case number 14-52495-wlh under Chapter 7 of Title 11 of the United States Code. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 157 and Section 1334, and 11 U.S.C. Section 523(a).

**(5)   The individual names, addresses, and telephone numbers of lead counsel for each party.**

For Plaintiff:

> William R. Joiner, Esq.
> Mitchell & Shapiro LLP
> 3490 Piedmont Road
> Suite 650
> Atlanta, Georgia 30305
> (404) 812-4747

For Defendant:
> Howard P. Slomka, Esq.
> 1069 Spring Street, NW, Suite 200
> Atlanta, GA 30309
> (678) 732-0001

**(6)   A brief description, including style and case number of any pending related litigation, including any related pending adversary proceedings.**

There are no related pending adversary proceedings.

**(7)   An outline of plaintiff's case, which shall include:**

**(A)   A succinct factual statement of plaintiff's cause of action which shall neither be argumentative nor recite evidence.**

**(B)   A separate listing of all Bankruptcy Rules and statutes as well as any other Rules, regulations, statutes, ordinances, and illustrative case law relied upon by plaintiff.**

**(C)   A separate statement for each item of damage claimed containing a brief description of the item of damage, dollar amount claimed, and citation to the law, Rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.**

Plaintiff refers the Court to his previously filed Motion for Summary Judgment.

**(8) An outline of defendant's case, which shall include:**

**(A) A succinct factual summary of defendant's general, special, and affirmative defenses, which shall neither be argumentative nor recite evidence.**

**(B) A separate listing of all Bankruptcy Rules and statutes as well as any other Rules, regulations, statutes, ordinances, and illustrative case law creating a defense relied upon by defendant.**

**(C) A separate statement for each item of damage claimed in a counterclaim, which shall contain a brief description of the item of damage, the dollar amount claimed, and citation to the law, Rule, regulation, or any decision which authorizes a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.**

Defendant refers the Court to his previously filed Response to Plaintiff's Motion for Summary Judgment.

**(9) Any objection by the defendant to the outline of the plaintiff's case.**

Defendant refers the Court to his previously filed Response to Plaintiff's Motion for Summary Judgment.

**(10) Any objection by the plaintiff to the outline of the defendant's case.**

Plaintiff refers the Court to his previously filed Motion for Summary Judgment.

**(11) A listing of stipulated facts. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.**

The parties will amend this Order at the conclusion of discovery and not less than 10 days before trial to respond to the above information.

**(12) A statement of the legal issues to be tried.**

The parties will amend this Order at the conclusion of discovery and not less than 10 days before trial to respond to the above information.

**13) Party Witnesses**

### Witnesses Plaintiff Will Have at Trial

1. John J. Flemm
   c/o William R. Joiner
   MITCHELL & SHAPIRO LLP
   3490 Piedmont Road
   Suite 650
   Atlanta, GA 30305
   (404) 812-4751

2. William Alan Trexler
   c/o Howard P. Slomka, Esq.
   THE SLOMKA LAW FIRM, PC
   1069 Spring Street, NW
   Second Floor
   Atlanta, GA 30309

### Witnesses Plaintiff May Have at Trial
### (via live testimony or testimony preserved by pre-trial depositions)

1. Thomas W. Vastrick
   522 S. Hunt Club Blvd.
   Apopka, Florida 32703
   407-234-3219

2. Thomas Montalbano
   2000 S. Ocean Lane, Apt. 6
   Ft. Lauderdale, Florida 33316
   954-462-3665

    3.        David R. Naser
               259 Shubert Road
               Hartwell, Georgia 30643
               404- 386-1786

    4.        Charles DiPaolo
               1726 SW 11th Ave.
               Cape Coral, Florida 33991
               239-313-0738

    5.        Curtis Ferrell
               P.O. Box 290584
               Port Orange, Florida 32129
               386-290-5848

### **Witnesses Defendant Will Have at Trial**

    1.        John J. Flemm
               c/o William R. Joiner
               MITCHELL & SHAPIRO LLP
               3490 Piedmont Road
               Suite 650
               Atlanta, GA 30305
               (404) 812-4751

    2.        William Alan Trexler
               c/o Howard P. Slomka, Esq.
               THE SLOMKA LAW FIRM, PC
               1069 Spring Street, NW
               Second Floor
               Atlanta, GA 30309

Defendant reserves his right to call any witness listed or called by Plaintiff.

## Witnesses Defendant May Have at Trial
### (via live testimony or testimony preserved by pre-trial depositions)

1. Heather Lynn Childers
   6951 Sorrento St.
   Orlando, Florida 32819

2. Jeana Michelle Trexler
   110 Walter Way
   #2602
   Stockbridge, Georgia 30281

## 14) Documentary and Physical Evidence

### PLAINTIFF'S EXHIBIT LIST

| Exhibit No. | Exhibit Description |
|---|---|
| 1. | Inventory dated 1/03/08 signed By William Trexler |
| 2. | Forensic Document Examination Report dated 3/7/11 and supporting documentation |
| 3. | Photos of Colt .45 Pistol |
| 4. | Photos of fully automatic Vector firearm |
| 5. | 3/25/05 Charles W. Clawson letter to Trexler re authenticity of Singer, with envelope |
| 6. | Evaluation Opinion dated 3/17/03 from Scott Woller |
| 7. | Evaluation Opinion dated 6/7/03 from Scott A. Gal… |
| 8. | Evaluation Opinion dated 6/8/03 from Doug |

|     |     |
| --- | --- |
|     | Turnbull |
| 9.  | Evaluation Opinion dated 7/6/03 from Charles W. Clawson |
| 10. | Orange County Sheriff's Office Statement dated 8/3/09, Case No. 09-073695 |
| 11. | Sworn Statement of William Trexler to Detective Tanisha Moorehead dated 10/15/09 |
| 12. | Incident Report Orange County Sheriff's Office dated 8/3/09 |
| 13. | Incident Report Orange County Sheriff's Office Report No. 09-73695 dated 10/14/09 |
| 14. | Incident Report Orange County Sheriff's Office Report No. 09-73695 dated 11/02/09 |
| 15. | Collector of Curios and Relics license for William A. Trexler |
| 16. | Check No. 222 to Allen Trexler in the amount of $1,000.00 |
| 17. | Copies of tags for weapons by Plaintiff |
| 18. | Department of the Treasury Firearms Transaction Record dated 9/11/03 re Browning Hi-Power pistol |
| 19. | Photos of box box made by Montalbano and presented to Plaintiff in November 2007 |
| 20. | Orlando Orange County Expressway Authority Toll Account Statements |
| 21. | Complaint in Case No. 2010-CS-10631-O, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida |

22. Plaintiff's First Interrogatories to Defendant in Case No. 2010-CS- 10631-O, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida

23. Answers to Plaintiff's First Set of Interrogatories to Defendant in Case No. 2010-CS-10631-O, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida

24. Defendant's Notice of Service of Amended Answers to Interrogatories in Case No. 2010-CS-10631-O, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, and answers

25. Plaintiff's Second Interrogatories to Defendant in Case No. 2010-CS-10631-O, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida

26. Defendant's Notice of Service of Answers to Second Interrogatories in Case No. 2010-CS-10631-O, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, and answers

27. Plaintiff's First Request for Admissions in Case No. 2010-CS-10631-O, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida

28. Response to Request for Admissions in Case No.

    2010-CS-10631-O, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida

29. Transcript of Deposition of Allen Trexler in Case No. 2010-CS-10631-O, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida

30.  Petition for Protection from Domestic Violence file by Plaintiff's wife on or about 2/27/08

31.  Plaintiff's First Request for Production in Case No. 2010-CS-10631-O, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida

32.  Defendant's Response to Request for Production in Case No. 2010-CS-10631-O, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida

33.  Plaintiff's Second Request for Production in Case No. 2010-CS-10631-O, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida

34.  Defendant's Response to Second Request to Produce in Case No. 2010-CS-10631-O, Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, including the "bound book" created and maintained by Defendant

35.  Blue Book of Gun Values

## Defendant's Exhibit List

| Exhibit No. | Exhibit Description |
|---|---|
| 1. | Battery Report dated 2/26/08 |
| 2. | Letter to Montalbano dated 10/1/09 |
| 3. | Domestic Violence Report dated 2/27/08 |
| 4. | Family Law Financial Affidavit dated 2/19/08 |
| 5. | Incident Report undated # 09-73695 |
| 6. | Inventory Report dated 3/3/08 |
| 7. | Phase VII Report dated 6/5/07 |
| 8. | Summary of Police Report undated |
| 9. | Theft Report dated 10/8/09 |
| 10. | Theft Report dated 10/9/09 |
| 11. | All documents listed by or used by Plaintiff at trial |
| 12. | All documents required to rebut Plaintiff's evidence at trial |

**(15) A listing of all persons whose testimony at trial will be given by deposition and designation of the portions of each person's deposition which will be introduced. Objections not filed by the date on which the case is first scheduled for trial shall be deemed waived or abandoned. Extraneous and unnecessary matters, including non-essential colloquy of counsel, shall not be permitted to be read into evidence.**

The parties will amend this Order at the conclusion of discovery and not less than 10 days before trial to respond to the above information.

**(16) Any trial briefs which counsel may wish to file containing citations to legal authority on evidentiary questions and other legal issues. Briefs must be limited to 25 pages unless leave to exceed the limit is granted by the Bankruptcy Court in advance. No brief will be considered that does not comply. Any brief in excess of 15 pages shall be indexed.**

The parties wish to reserve the right to file trial briefs at least three days prior to the trial.

**(17) Third-party claimants, crossclaimants and those asserting counterclaims shall furnish the same information with respect to their claims; however, duplication of matters already covered is not required.**

**(18) A statement of the date on which counsel met personally to discuss settlement, whether the Bankruptcy Court has discussed settlement with counsel, and the likelihood of settlement of the case at this time.**

Plaintiff's counsel and Defendant's counsel discussed possible settlement by phone on several occasions, and most recently in person on the date of the status conference on May 7, 2015. Defendant's counsel tendered a settlement offer to Plaintiff's counsel. The parties were unable to reach a settlement in this matter. At this time, it is unlikely that the case will settle.

**(19) A statement of each party's estimate in hours of the time required to present that party's evidence and an estimate of the total trial time.**

The parties' counsel estimates that this trial should take one to two days.

**(20) Any request for a pretrial conference prior to trial.**

The parties do not request a pretrial conference prior to trial.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above-captioned case, submitted by stipulation of the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the Bankruptcy Court, to prevent manifest injustice.

**[END OF DOCUMENT]**

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this Court.

/s/     William R. Joiner
William R. Joiner, Esq.
Georgia Bar No. 397705
Mitchell & Shapiro LLP
3490 Piedmont Road
Suite 650
Atlanta, Georgia 30305
(404) 812-4747
(404) 812-4740 – facsimile
Counsel for Plaintiff

/s/     Howard P. Slomka
Howard P. Slomka, Esq.
Georgia Bar No. 652875
1069 Spring Street, NW, Suite 200
Atlanta, GA 30309
(678) 732-0001
Fax (888) 259-6137
Counsel for Defendant