**IT IS ORDERED as set forth below:**



**Date: March 5, 2014**

*Wendy L. Hagenau*

—————————————————————
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

---

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re:<br>**WALTER IDUS GEER, III,**<br>Debtor. | **Chapter 7**<br><br>**Case No. 12-73864-WLH** |
| **PHILIP MOYER,**<br>Plaintiff,<br>v.<br>**WALTER IDUS GEER, III,**<br>Defendant. | **ADVERSARY PROCEEDING**<br>**NO. 13-5155** |

## PROPOSED CONSOLIDATED PRETRIAL ORDER

Pursuant to Bankruptcy Local Rule 7016-2, the parties hereby submit this proposed consolidated Pretrial Order:

1. **Pending Motions:** No motions are pending.

2. **Discovery Status**: Discovery has been completed.

3.  **Names of Parties:** The Plaintiff is Philip Moyer.  Defendant Walter Idus Geer, III.

4.  **Bankruptcy Court's jurisdiction and the statutory basis of jurisdiction:**

This adversary proceeding is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(J) and is being brought in connection with the Debtor's case under Chapter 7 of the Bankruptcy Code, Case No. 12-73864-bem.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157 and 11 U.S.C. §727.  The parties are in the process of briefing whether the Court has subject matter jurisdiction over Count II.

5.  **Lead counsel:**

For Plaintiff:
Steven M. Coren
David Dormont
Kaufman, Coren & Ress, PC
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
(215) 735-8700

For Defendant:
Howard D. Rothbloom
Adam D. Herring
The Rothbloom Law Firm
31 Atlanta Street
Marietta, Georgia 30060
(770)792-3636

6.  **Pending related litigation:** *Philip Moyer v. Walt Geer*, N.D. Ga. Case No. 12-cv-02102-SCJ.  Case stayed pursuant to 11 U.S.C. §362(a).

7.  **An outline of Plaintiff's case:** See Exhibit A attached hereto.

8.  **An outline of Defendant's case:** See Exhibit B attached hereto.

9.  **Objections by the Defendant to the outline of the Plaintiff's case:** None.

10. **Objections by the Plaintiff to the outline of the Defendant's case:** None.

11. **Stipulated Facts:** See Exhibit C attached hereto.

12.    **Statement of the legal issues to be tried:**

    (a)    The Debtor's entitlement to a discharge under 11 U.S.C. §727.

    (b)    The amount of the Defendant's debt to Plaintiff (depending upon Court's subject matter jurisdiction determination).

13.    **Witness List:**

**Plaintiff will present:**

        Walter Idus Geer, III (as on cross)
        16056 Henderson Road
        Alpharetta, Georgia 30004

**Plaintiff may have present:**

        Ann Geer (as on cross)
        1030 Legacy Lane
        Milton, GA 30004

        Philip Moyer
        1124 Pebble Spring Drive
        Berwyn, Pennsylvania 19312
        (610) 246-8732

        Corporate Designee of PictureU Promotions, Inc. (as on cross)
        8601 Dunwoody Place, Suite #560
        Atlanta, GA 30350
        770-552-9999

**Defendant will present:**

        Walter Idus Geer, III
        16056 Henderson Road
        Alpharetta, Georgia 30004

**Defendant may have present:**

Walter I. Geer, II
P.O. Box 133
Colquitt, GA 39387

Ann Geer
1030 Legacy Lane
Milton, GA 30004

David Wasserman
8601 Dunwoody Place, Ste. 560
Atlanta, GA 30350

Jay Flowers
2805 Peachtree Industrial Blvd., Ste. 213
Duluth, GA 30097

Will B. Geer
17 Executive Park Drive NE, Ste. 115
Atlanta, GA 30329

Philip Moyer (as on cross)

Frank Murphy
10 Hampshire Road
New Providence, NJ 07974

Jim McCormick
10-B Parrott Mill Road
Chatham, NJ 07928

Andre Perry
Advance Financial Corporation
3700 Mansell Road, Suite 550
Alpharetta, GA 30022

Kip Polk

14.    **Documentary and Physical Evidence:**

**Plaintiff's Exhibit List**:  See Exhibit D

**Defendant's Exhibit List**:  Defendant's exhibits may include each and every exhibit as reflected on Plaintiff's exhibit list. For the sake of clarity, the parties will mark a single set of trial exhibits, each shall be referred to as "Trial Exhibit ___".

The parties reserve the right to amend their respective exhibit lists, subject to objection.

**Plaintiff's Objections to Defendant's Exhibits**: To the extent the Defendant intends to introduce the Defendant's own self-serving sworn testimony (Trial Exhibits 1 through 5), e-mails (Trial Exhibits 14, 15, 105, 120), financial statements (Trial Exhibit 11) or pleadings (Trial Exhibits 124, 125 and 126) for the truth of the matters asserted therein, the Plaintiff objects to these statements as hearsay.

**Defendant's Objections to Plaintiff's Exhibits**:  Defendant reserves the right to object at trial to the admissibility of Plaintiff's exhibits due to relevance.

15.    **Deposition Testimony:**
       **Plaintiff:**

**Jay Flowers - September 10, 2013**

| | |
|---|---|
| 9:25 – 10:12 | 41:4-6 |
| 11:14-25 | 41:13-19 |
| 19:10 – 20:8 | 50:15 – 51:8 |
| 23:8-15 | 52:10-22 |
| 24:3-4 | 61:14 – 62:13 |
| 26:13-20 | 63:5-16 |
| 27:2-20 | 64:15 – 65:4 |
| 28:20 – 30:9 | 65:17 – 66:1 |
| 31:14-18 | 71:18-22 |
| 37:22 – 38:17 | 73:5-7 |
| 38:25 – 39:1 | 73:20 – 74:16 |

**Walter Idus Geer, II – September 10, 2013**

| | |
|---|---|
| 6:25 – 7:3 | 60:22 – 61:4 |
| 33:15 – 34:9 | 61:18 – 64:1 |
| 38:1-17 | 66:13-16 |
| 43:2-4 | 67:5-9 |
| 47:20-23 | 67:18-22 |
| 51:6-9 | 88:15-18 |
| 54:15 – 56:7 | 89:18 – 90:11 |
| 57:10-20 | 93:11 – 94:1 |
| 58:6-19 | 95:12-15 |
| 59:3-6 | |

Plaintiff reserves the right to use any portion of the 341 Meeting Transcript, the 2004 Examination of the Debtor or any other deposition in cross-examination.

16.    **Trial Briefs:**  Trial Briefs shall be submitted by July 7, 2014 (14 days prior to trial.)

17.    **Third-party claimants, crossclaimants and counterclaims:** None.

18.    **Settlement discussions:** The parties have discussed the prospect of settlement on September 13, 2013 and November 1, 2013 and have concluded that a settlement is unlikely.  The Bankruptcy Court has not discussed settlement with counsel.

19.    **Trial Time:** The parties estimate that the total trial time for this case will be five days.  Plaintiff intends to call the Debtor and other likely possible persons connected to the Debtor as on cross.  The "as on cross" testimony of the Debtor will likely take two days to complete.  Any direct testimony and the "as on cross" testimony of the remaining defense witnesses can likely be completed by Plaintiff in a single day.  Testimony on behalf of the Defendant and any cross thereof can likely be completed in two-and-a-half to three days.

20.    **Request for pretrial conference prior to trial:** No.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case submitted by stipulation of the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the Bankruptcy Court, to prevent manifest injustice.

KAUFMAN, COREN & RESS, PC
Attorneys for Philip Moyer
By: /S/David Dormont
DAVID DORMONT (PA BAR 66252)
Counsel *Pro Hac Vice*
STEVEN M. COREN (PA BAR 32140)
Counsel *Pro Hac Vice*
TWO COMMERCE SQUARE, SUITE 3900
2001 MARKET STREET
PHILADELPHIA, PA 19103
(215) 735-8700

QUIRK & QUIRK, LLC
Local Counsel for Philip Moyer
DOUGLAS D. FORD
Georgia Bar Number 142249
LAWRENCE R. LANDRY
Georgia Bar Number 434225
SUITE 300
6000 LAKE FORREST DRIVE, NW
ATLANTA, GA 30328
(404) 252-1425

THE ROTHBLOOM LAW FIRM
Attorneys for Walter Idus Geer, III
By: /S/Howard D. Rothbloom
HOWARD D. ROTHBLOOM
GEORGIA BAR NO. 915670
ADAM D. HERRING
GEORGIA BAR NO. 441119
31 ATLANTA STREET
MARIETTA, GEORGIA 30060
(770)792-3636
(770)792-3281 (fax)

G:\Docs\MOYER, PHILIP\Geer Bankruptcy\Adversary Proceeding\Trial Prep\Consolidated Pretrial Order - Revised.wpd

# EXHIBIT A

## Outline of Plaintiff's Case

**(A) A succinct factual statement of plaintiff's cause of action which shall neither be argumentative nor recite evidence.**

Count I of Plaintiff's complaint requests that the Debtor be denied a discharge of all debts pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(4)(A) and § 727(a)(4)(D).  The Debtor has failed to act in good faith and with the candor that is a prerequisite to obtaining a discharge.  Specifically, the Debtor:

(1)    with intent to hinder, delay, or defraud a creditor or the Trustee, has transferred, removed, or concealed, or has permitted the transfer, removal or concealment of his property within one year before the Petition Date;

(2)    with intent to hinder, delay, or defraud a creditor or the Trustee, has transferred, removed, or concealed, or has permitted the transfer, removal or concealment of his property after the Petition Date;

(3)    knowingly and fraudulently in connection with his bankruptcy made false oaths and accounts; and,

(3)    knowingly and fraudulently withheld from an officer of the estate information related to the Debtor's property and financial affairs.

Pursuant to Count II, Plaintiff requests that the Court enter a money judgment in favor of Plaintiff and against the Debtor in the amount of $1,473,129.22 as a result

of the Debtor's failure to pay monies owed the Plaintiff under an unconditional guarantee, including the award of pre-judgment interest, post-judgment interest, attorneys' fees and the costs of this action.

(B) **Bankruptcy rules, statutes and illustrative case law relied upon by Plaintiff.**

## Statutes

11 U.S.C. §101(32) (defines insolvency under Bankruptcy Code)

11 U.S.C. § 727 (discharge generally)

11 U.S.C. § 727(a)(2)(A) (denying discharge for pre-petition transfers)

11 U.S.C. § 727(a)(2)(B) (denying discharge for post-petition transfers)

11 U.S.C. §727(a)(4)(A) (denying discharge for false oath or account)

11 U.S.C. §727(a)(4)(D) (denying discharge for withholding information related to the debtor's property or financial affairs)

GA Code Ann., § 18-2-72 (when debtor is insolvent under state law)

GA Code Ann., § 18-2-74 (transfer made or obligation incurred by debtor that is fraudulent as to creditor; determination of intent under state law)

## Illustrative Cases

*Pepper v. Litton*, 308 U.S. 295 (1939) (When the existence of a "planned and fraudulent scheme" is found by the Court, the necessity of equitable relief against that fraud becomes insistent. No matter how technically legal each step in that scheme may have been, once its basic nature was uncovered it was the duty of the bankruptcy court in the exercise of its equity jurisdiction to undo it.).

*In re Chalik*, 748 F.2d 616 (11th Cir. 1984) (discharge denied as a result of debtor's failure to disclose the existence of several corporations in which he had been an officer, director or major shareholder of during the six years preceding the bankruptcy, which constituted making a false oath or account).

*In re Matus*, 303 B.R. 660 (Bankr. N.D. Ga. 2004) (debtor denied discharge based on his fraudulent transfer of property to wife, prior to commencement of his bankruptcy case; and based on numerous omissions in his bankruptcy schedules sufficient to invoke the "false oath" discharge exception).

*In re Kelton*, 389 B.R. 812 (Bankr. S.D. Ga. 2008) (Accurate disclosure of a debtor's financial situation is perhaps the primary duty of debtors seeking relief under the Bankruptcy Code. *See* 11 U.S.C. § 521 (disclosure of debtors' creditors, assets, liabilities, income and expenditures is the first on the list of debtor's duties). The bankruptcy discharge is reserved for the "honest but unfortunate debtor." *Grogan v. Garner,* 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Inaccurate or incomplete information deprives the court, the United States Trustee, the private trustee, and creditors of adequate information to decide whether to conduct further investigation, recover assets, or seek or impose relief against the debtor.).

*In re Franklin-Graham*, 2008 WL 7842108 (Bankr. N.D. Ga. April 17, 2008) ("[A]ctual intent may be inferred from circumstantial evidence." The Court may infer fraud from "a series or pattern of errors or omissions may have a cumulative effect giving rise to an inference of an intent to deceive." The debtor must fully disclose all information relevant to the administration of the bankruptcy case. A debtor is obligated to list *all* assets and liabilities. "It is not for the debtor to decide what is and is not relevant. A debtor who omits important information and fail[s] to make full disclosure, place[s] the right to the discharge in serious jeopardy." In fact, "[c]reditors are entitled to judge for themselves what will benefit, and what will prejudice, them" and the estate.) (citations removed).

*In re Kim*, 2011 WL 5902461 (Bankr. N.D. Ga. Oct. 27, 2011) (Fraudulent and material omissions from a debtor's Schedules and SOFA, which are sworn statements, justify denial of discharge under section 727(a)(4)(A). A debtor's deceptive intent may be established by a showing of recklessness and indifference to the truth. Debtor's honest and complete disclosure of financial

information on his or her bankruptcy schedules and statements is of utmost importance. Consequently, the debtor has an "uncompromising duty to disclose" his or her financial information, not "to pick and choose or to obfuscate the answers.").

## C.    Plaintiff's Statement of Damages

| Description | Amount |
|---|---|
| Total Debt as of October 8, 2008 | $751,345.17 |
| Default Interest (16%) - 2008-2009 | $120,215.23 |
| Default Interest (16%) - 2009-2010 | $120,215.23 |
| Default Interest (16%) - 2010-2011 | $120,215.23 |
| Default Interest (16%) - Oct. 9, 2011-Sept. 25, 2012 | $115,616.83 |
| Late Fee (5%) | $61,380.38 |
| Collection Fee (15%) | $184,141.15 |
| **TOTAL** | **$1,473,129.22** |

The Credit Agreement Change in Terms Agreement dated August 16, 2007 between Georgian Bank and Phenix Homesource, LLC allows the Plaintiff to collect default interest, late fees and a collection fee. Pursuant to the Commercial Guaranty, from the Debtor to Georgian, the Debtor is liable for all sums owed by Phenix.

G:\Docs\MOYER, PHILIP\Geer Bankruptcy\Adversary Proceeding\Trial Prep\Outlne of Plaintiff's Case - V2.wpd

# EXHIBIT B

## Outline of Defendant's Case

**Count One—11 U.S.C. § 727**

Plaintiff alleges in Count I of his Complaint that Debtor should be denied his discharge under 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(4)(A), and 727(a)(4)(D). Plaintiff bears the burden of demonstrating, by a preponderance of the evidence, that a denial of discharge is warranted. *See* Fed. R. Bankr. P. 4005; *see also In re Wines,* 997 F.2d 852, 856 (11th Cir. 1993). The Court must interpret § 727 narrowly, "so as to foster a presumption of the debtor's eligibility for a discharge." *In re McDowell,* 497 B.R. 363, 373 (Bankr. N.D.Ga. 2013); *citing Rosen v. Bezner,* 996 F.2d 1527, 1531 (3d Cir. 1993); *In re Burgess,* 955 F.2d 134, 136 (1st Cir. 1992); *Boroff v. Tully (In re Tully),* 818 F.2d 106, 110 (1st Cir. 1987). In *McDowell* the Court noted that "completely denying a debtor his discharge…is an extreme step and should not be taken lightly." 497 B.R. at 373, *quoting Rosen,* 996 F.2d at 1530.

With respect to each statutory claim of Plaintiff's Count I:

A. 11 U.S.C. § 727(a)(2)(A) and (727)(a)(2)(B)

§ 727(a)(2)(A) of the Bankruptcy Code provides that a debtor shall be denied a discharge if

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
> > (A) Property of the debtor, within one year before the date of the filing of the petition; or
> > (B) Property of the estate, after the date of the filing of the petition;

In order to prove its case under 11 U.S.C. § 727(a)(2), a creditor "(1) must establish that the act complained of was done within one year prior to the date the petition was filed, (2) with actual intent to hinder, delay, or defraud a creditor, (3) that the act was that of the debtor, and (4) that the act consisted on transferring, removing, destroying, or concealing any of the debtor's

property." *In re Jennings*, 533 F.3d 1333, 1339 (11th Cir. 2008). The same general principles apply to § 727(a)(2)(B). The plaintiff must prove by a preponderance of evidence that the debtor acted with actual intent to defraud creditors or an officer of the estate. *In re Wines*, 997 F.2d at 856.

With respect to transfers, removal, destruction, mutilation, or concealment of the debtor's property within one year of the Petition Date, Defendant will show that, with respect to the alleged transfer, removal, or concealment of property within one year before the Petition Date, no property interest of the Defendant was actually transferred, removed, or concealed. With respect to the alleged transfer of property of the estate post-petition, Plaintiff will be unable to meet its burden of showing that property of Defendant's bankruptcy estate was ever transferred. Moreover, Plaintiff will be unable to satisfy its burden to show that Defendant acted with the requisite intent.

B.  11 U.S.C. § 727(a)(4)(A) and (a)(4)(D)

§ 727(a)(4) of the Bankruptcy Code provides that a debtor should be denied a discharge if

> The debtor knowingly and fraudulently, in or in connection with the case—
> (A) made a false oath or account;
> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

In order to prove its case under § 727(a)(4)(A), Plaintiff "has the burden of proving that (1) the debtor knowingly made a false statement under oath or 'presented or used a false claim'; (2) the statement is material to the bankruptcy proceeding; and (3) the debtor made the statement with a fraudulent intent." *In re McDowell*, 497 B.R. at 374; *citing Transp. Alliance Bank*, 2006 WL 6592058 at *6 (Bankr. N.D.Ga. May 22, 2006); *Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 177-78 (5th Cir. 1992). A "false oath or account" includes false statements or omissions of required disclosures from the debtor's bankruptcy petition and schedules. *Chalik v.*

*Moorefield (In re Chalik)*, 748 F.2d 616 (11th Cir. 1984). A false oath is material "if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *Id.* at 618. A discharge may not be denied when an untruth or omission is the result of mistake or inadvertence. *Beaubouef*, 966 F.2d at 178.

In order to prove its case under § 727(a)(4)(D), Plaintiff must show that the recorded information allegedly withheld "must be withheld from an officer of the estate, typically the trustee, entitled to possession of it pursuant to the Bankruptcy Code." *In re Matus*, 303 B.R. 660, 679 (Bankr. N.D.Ga. 2004). Plaintiff must show by a preponderance of the evidence that the Trustee specifically requested documents of the Debtor, and that those documents were withheld. *Id., citing Jeffrey M. Goldberg & Assoc. v. Holstein (In re Holstein)*, 272 B.R. 463, 479 (Bankr. N.D.Ill. 2001) ("If the documents were never requested, and absent any allegations of active concealment of such documents, there cannot be a claim of knowing and fraudulent withholding).

Plaintiff's 11 U.S.C. § 727(a)(4)(A) claims arise from a number of alleged misstatements and omissions from Defendant's bankruptcy schedules. Defendant will show that any omissions from the original petition and schedules were the result of mere oversight, which were corrected by amendments filed November 1, 2012; November 15, 2012; November 20, 2012; and March 6, 2013 (amended on March 11, 2013 to attach a summary of schedules and certificate of service). Alternately, Defendant will show that any statements nevertheless found to be false or omissions and found to be present are immaterial. Should Plaintiff be able to meet its burden of proving that there were material false statements or omissions, Defendant believes that Plaintiff, once

again, will be unable to produce sufficient evidence to prove that Plaintiff made any such false statements or omissions with fraudulent intent.

Plaintiff has not, in the Complaint or otherwise, identified specific document requests by the Trustee which Defendant has refused to comply with. Therefore, based upon the *Matus* standard outlined above, Plaintiff has failed to state any facts upon which its claim under 11 U.S.C. § 727(a)(4)(D) may be based, and he therefore should be denied any such relief.

### Count II—Breach of Contract Attorney Fees

Plaintiff's Count II, as pled in the Complaint, simply asks the Court to award attorney's fees and litigation costs related to Debtor's bankruptcy case, as they are allegedly due pursuant to the loan documents now owned by Plaintiff. As pled in this Pre-trial Order, Count II is broader, asking for a money judgment in favor of Plaintiff based on the entire amount owed under the loan documents, including principal, accrued interest, late fees, and litigation expenses. In any event, to prove his entitlement to a money judgment, Plaintiff must prevail on Count I. Defendant does not believe that Plaintiff can prevail on his claims under Count I as set forth above; Defendant also does not believe that Plaintiff can meet his burden to prove the amounts owing to him at trial.

Even if Plaintiff prevails on Count I, and even if Plaintiff can prove the amount owing to him at trial, the Court still may not grant relief on Count II because it does not have subject matter jurisdiction to do so. *In re Detamore*, 2005 WL 6486098 at *3 (Bankr. N.D.Ga. Sept. 27, 2005) (Massey, J.). In *Detamore*, the Court notes that the Court lacks subject matter jurisdiction over a claim for a money judgment in a § 727 action because such claims fail to meet the "related to" test for jurisdiction set forth in *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990). *Id.* Under Rule 12(h)(3), FED. R. CIV. P., made applicable to this

proceeding by Rule 7012, FED. R. BANKR. P., the Court may consider the issue of subject matter

jurisdiction and act accordingly at any time. Therefore, regardless of Plaintiff's success on Count

I of the Complaint, Plaintiff should be denied a money judgment for his claim against Defendant

and Count II should be dismissed.

# EXHIBIT C

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| In re:<br>**WALTER IDUS GEER, III,**<br>Debtor. | Chapter 7<br><br>Case No. 12-73864-wlh |
| **PHILIP MOYER,**<br>Plaintiff,<br><br>v.<br><br>**WALTER IDUS GEER, III,**<br>Defendant. | **ADVERSARY PROCEEDING NO. 13-5155** |

## STIPULATED FACTS

Pursuant to Bankruptcy Local Rule 7016-2, the parties, through their undersigned counsel, hereby submit the following stipulated facts in connection with the above-captioned adversary proceeding:

### Parties and Key Entities

1.    **Walter Idus Geer, III** (the "Debtor" or the "Defendant") filed for relief under Chapter 7 of Title 11 of the United States Code on September 25, 2012 (the "Petition Date").

2.    The Debtor holds a Bachelors of Science degree from the University of Georgia, and has more than 20 years professional experience running and consulting for various start-ups, turnarounds and under-performing companies.

3.     The Debtor resides at 16056 Henderson Road, Alpharetta, Georgia 30004 (the "House").

4.     **Ann Geer** is the ex-wife of the Debtor. After a 16 year marriage, the Debtor and Ann Geer separated on October 11, 2010 and divorced in February, 2012.

5.     **Will Geer** is the Debtor's brother. Will Geer was the Debtor's original bankruptcy attorney and filed the original Bankruptcy Petition, Statement of Financial Affairs and Schedules and the amendments thereto on the Debtor's behalf. Will Geer was the original trustee of the 2010 Geer Family Trust.

6.     **Walter Idus Geer, II** ("Father") is the Debtor's father. The Father has been the sole Trustee of the 2010 Geer Family Trust, since June 22, 2011.

7.     **Jay Flowers** ("Flowers") is a former director and owner of Phenix HomeSource, LLC. The Debtor and Flowers have been close friends for at least twenty years. Flowers is the primary owner of Enterprise Incentive Solutions, Inc. Flowers also serves as the alternative trustee for the 2010 Geer Family Trust. Upon the Debtor's death, Flowers may appoint a successor manager for Red Barchetta Holdings, LLC.

8.     The **Geer Family Two Thousand Ten Qualified Personal Residential Trust** is a trust created by the Debtor. From the creation of the Trust through the present, the Debtor has served as the sole Trustee.

9.     On March 24, 2010, the House was conveyed to the Geer Family Two Thousand Ten Qualified Personal Residential Trust.

10.     The Debtor established the **2010 Geer Family Trust** in the summer of 2010. The Debtor is treated as the owner of the property held in the 2010 Geer Family Trust for income tax purposes. The Debtor has the power, in his absolute discretion and at any time, to remove and replace the trustee of the 2010 Geer Family Trust.

11.     The Debtor is the former President and Chief Executive Officer of **Phenix HomeSource, LLC** ("Phenix"). Phenix was in the cabinet sales business from approximately 2006 through 2008.

12.    The failure of Phenix was the primary reasons the Debtor filed for bankruptcy.

13.    Phenix operated its cabinet business out of a building located at 349 Hood Road, Jasper, Georgia (the "**Hood Road Property**"). The Hood Road Property is located in Pickens County.

14.    The Debtor purports to be the 100% owner of **Walt Geer, LLC**. The Debtor maintains that Walt Geer, LLC owned the Hood Road Property.

15.    The Debtor is the Founder and former Chief Executive Officer of **Phenix Direct**.

16.    The Debtor is the Founder, former Chief Executive Officer and Manager of **Phenix Global, LLC**.

17.    Since March 2009, the Debtor has been the President of **PictureU Promotions** ("PictureU"). In December 2012, the Debtor was named CEO of PictureU. PictureU is an experiential marketing business.

18.    In or around the Summer of 2010, the Debtor formed **Red Barchetta Holdings, LLC** ("Red Barchetta"). Red Barchetta purports to be a Delaware limited liability company which is owned 98% by the 2010 Geer Family Trust and 2% by the Debtor. The Debtor is the sole manager of Red Barchetta and "acting alone, shall have full and complete authority, power, and discretion to manage and control the business, affairs, and properties of the Company, to make all decisions regarding such matters, and to perform any and all other acts or activities related to the management or the carrying out of the Company's business."

19.    In 2010, the Debtor formed **16056 Inventory Management, LLC** ("Inventory Management"). The Debtor is the sole manager of Inventory Management.

20.    The Debtor is the Founder and former Chief Executive Officer of **eCompanyStore.com, Inc.**

21.    At various points in time, the Debtor did business as "**Core Advisory Services**." Core Advisory Services, however, was not a company, but rather only a

d/b/a for the Debtor personally.

22.     **Enterprise Incentive Solutions, Inc.** ("Enterprise") is a company primarily owned by Jay Flowers. Enterprise Incentive Solutions, Inc. trades as "Core Rewards."

23.     "**Enterprise Incentive Services, Inc.**" was a name used by the Debtor. In 2009, PictureU made payments to Enterprise Incentive Services, Inc., which payments the Debtor received and reported as income on his income taxes.

24.     **Darrell Morris** was the former plant manager of Phenix. Darrell Morris started **Precision Cabinets**. Precision Cabinets was in the cabinet business and operated out of the Hood Road Property after the demise of Phenix.

25.     Plaintiff **Philip Moyer** ("Moyer") is a creditor of the Debtor. The Debtor does not dispute that from 2008 through the Petition Date he owed Moyer at least $750,000 as a result of the "Personal Guarantee of Business Debt for Phenix Homesource, LLC."

**Bankruptcy Filings**

26.     As a result of the failure of Phenix, the Debtor had over $2 million of debts that he could not repay.

27.     The Debtor concedes that at all times between January 4, 2011 and the Petition Date (September 25, 2012), he was insolvent.

28.     Beginning no later than February 2012, the Debtor worked with Will Geer to prepare his bankruptcy filings.

29.     The Debtor knew that he had an obligation to be honest in preparing the documents filed with his bankruptcy petition.

30.     The Debtor read his original bankruptcy Statement of Financial Affairs and Schedules (the "Original Bankruptcy Schedules") filed in connection with his Bankruptcy Petition before he signed and had them filed.

31.     The Debtor signed the Original Bankruptcy Schedules under penalty of

perjury stating that they were true and correct.

32.   The Debtor testified that the Original Bankruptcy Schedules were true and correct when they were filed and that the schedules remained true as of October 23, 2012 when the 341 Meeting occurred.  The Debtor further testified at the 341 Meeting that there were no errors or omissions in his Original Bankruptcy Schedules.

33.   In addition to the Original Bankruptcy Schedules filed on the Petition Date, the Debtor filed four amendments thereto (collectively, the "Amended Schedules"):

a.   Walter Idus Geer, III's Amended Statement of Financial Affairs and other documents filed November 1, 2012;

b.   Walter Idus Geer, III's Amended Statement of Financial Affairs filed November 15, 2012;

c.   Walter Idus Geer, III's Amended Summary of Schedules and other documents filed November 20, 2012; and,

d.   Walter Idus Geer, III's Amended Statement of Financial Affairs and other documents filed March 6, 2013.

34.   The Debtor never read or reviewed the Amended Schedules before they were filed.

**The House**

35.   On April 3, 2009, the Debtor purchased the House.

36.   The Debtor was the sole owner of the House and the sole obligor for the accompanying mortgage.

37.   On the day he purchased the House, the Debtor transferred his sole interest to himself and Ann Geer, "as joint tenants with survivorship."

38.   On March 24, 2010, the Debtor transferred his remaining interest in the House to Ann Geer.

39.    On that same day, March 24, 2010, the House was reconveyed to the Geer Family Two Thousand Ten Qualified Personal Residential Trust.

40.    The Debtor's Original February 2012 Divorce Agreement provided three options under which the Debtor could elect to divest Ann Geer of her equitable interest in the House.

41.    In the period prior to the Petition Date, the Debtor negotiated with Ann Geer and they agreed to amend their Divorce Decree to add a fourth option ("Option (4)"). Under Option (4), the Debtor had the right to have Ann Geer paid Forty-five Thousand Dollars ($45,000.00) in exchange for her waving all of her right, title and interest in the House. Under Option (4), the Debtor had the sole and exclusive right to occupy the House after his ex-wife vacated it.

42.    The Debtor exercised Option (4) under the Amended Divorce Agreement.

43.    The initial installments of the $45,000 paid to Ann Geer under Option (4) were paid pre-Petition.

44.    Post-Petition, the Debtor moved back into the House, where he continues to reside.

45.    The Debtor can continue to live in the House for as long as he likes.

46.    In the months leading up to the Petition Date, the Debtor continued to regularly make the House's $2,308.33 monthly mortgage payments.

## The 2010 Geer Family Trust

47.    On September 30, 2010, the Debtor transferred $1,500 to a new bank account created in the name of the 2010 Geer Family Trust.

48.    On June 12, 2012, Will Geer closed the 2010 Geer Family Trust's Wells Fargo bank account in his name as trustee and opened a new Wells Fargo bank account for the 2010 Geer Family Trust with his Father as trustee. The $500 in the

old bank account was transferred to the new account.  The Father was a signatory on this new account.

49.    Between July 2, 2012 and the Petition Date, Red Barchetta transferred $33,190 to the 2010 Geer Family Trust.

50.    On July 3, 2012, the 2010 Geer Family Trust wrote a check (No. 102) in the amount of $3,584 to Walter I. Geer, II (the Father) for "Girls' Vacation R..." to reimburse the Father for the expenses incurred by the Debtor.

51.    In the 90 day period leading up to the Petition Date, at least $29,500 was transferred from the 2010 Geer Family Trust to Ann Geer, including:

a.    two checks totaling $9,500 to or for the benefit of Ann Geer between July 31, 2012 and September 6, 2012; and,

b.    A September 11, 2012 check (No. 105) in the amount of $20,000.00 to Ann Geer for "House."

52.    After the Debtor divorced Ann Geer in February, 2012, she was no longer a beneficiary of the 2010 Geer Family Trust.

53.    As of the Petition Date, the 2010 Geer Family Trust had over $2,000 in its Bank Accounts.

**PictureU**

54.    The Debtor negotiated and signed a March 2009 Agreement with PictureU on behalf of Enterprise Incentive Solutions, Inc., pursuant to which he agreed to serve as the Interim President of PictureU through December 31, 2009.

55.    No formal agreement or contract existed between PictureU and Red Barchetta.

56.    In 2010, PictureU wrote checks payable to "Walt Geer" that totaled $130,539.34.

57.    Beginning in October 2010 and through the Petition Date, PictureU

made payments for the Debtor's service (both salary and bonuses) to Red Barchetta, rather than to the Debtor. In 2010 (starting on October 4, 2010), PictureU wrote checks payable to "Red Barchetta" that totaled $76,182.25. In 2011, PictureU wrote checks or wire transferred $254,591.00 to Red Barchetta. In 2012, PictureU wrote checks or wire transferred $226,733.92 to Red Barchetta.

58.    Between March 1, 2010 and May 1, 2012, the Debtor submitted invoices for reimbursement of expenses that he incurred on PictureU's behalf. PictureU issued checks to the Debtor for these invoices.

59.    Prior to the Petition Date, PictureU never reimbursed Red Barchetta for any expenses incurred by the Debtor.

60.    After the Petition Date, the Debtor submitted an invoice for reimbursement of expenses to PictureU in the amount of $5,853.92, of which at least $4,635.03 related to expenses incurred prior to the Petition Date. PictureU paid Red Barchetta $5,853.92 in connection with this invoice.

**Red Barchetta**

61.    On September 20, 2010, the Debtor opened a bank account for Red Barchetta. Between September 30, 2010 and the Petition Date, $574,620 was deposited into Red Barchetta's bank account.

62.    The Debtor is the sole signatory on Red Barchetta's bank accounts.

63.    The Debtor did not take a salary from Red Barchetta.

64.    In the two years prior to the Petition Date, the Debtor used Red Barchetta's accounts to pay his personal expenses, including,

   a.    Writing himself checks from Red Barchetta's accounts several times a month when he needed to pay his bills;

   b.    Using his Red Barchetta debit card to pay for meals at restaurants and food at grocery stores;

   c.    Using his Red Barchetta debit card to make cash withdrawals from ATM

machines;

d.   Writing Red Barchetta checks to pay his personal tax obligations – $27,000 to the Internal Revenue Service and $6,000 to the Georgia Department of Revenue;

e.   Writing Red Barchetta checks to pay for his two daughters' school tuition and dance lessons;

f.   Using his Red Barchetta debit card to prepay $2,137.50 for one of his daughter's dance lessons;

g.   Writing Red Barchetta's checks to cover his obligations for alimony, the divorce settlement with Ann Geer and his attorney's fees associated with the divorce; and,

h.   Using Red Barchetta's debit card to pay for psychiatric services.

65.   In 2010 and 2011, Red Barchetta made no distributions to the 2010 Geer Family Trust.

66.   The 2010 Geer Family Trust did not receive any funds from Red Barchetta until 90 days prior to the Petition Date.

67.   On July 1, 2012, Red Barchetta's bank account held $58,443.45.

68.   Red Barchetta received $30,000.00 in additional payments from PictureU between July 1, 2012 and the Petition Date.

69.   As of the Petition Date, Red Barchetta's accounts held $3,665.04.

**Hood Road Property**

70.   The 2007 purchase of the Hood Road Property was an arms-length transaction.

71.   Walt Geer, LLC borrowed $1.3 million from Power Lending to purchase the Hood Road Property.

72.    The Debtor personally guaranteed the loan on the Hood Road Property.

73.    The Debtor did not put any money into the purchase or improvement of the Hood Road Property.

74.    On June 8, 2011, the Debtor swore in a Petition filed with the Tax Commissioner of Pickens County, Georgia, seeking payment of $141,919.38 in excess proceeds from a tax sale, that on November 2, 2010, he personally owned the Hood Road Property.

75.    As of the Petition Date, the Debtor owed approximately $1 million to the Hood Road Property's lender as the guarantor of the property's mortgage.

## Walt Geer, LLC

76.    On behalf of Walt Geer, LLC, the Debtor executed two written leases (December 29, 2009 and September 27, 2010) with Precision Cabinets for the Hood Road Property.

77.    Walt Geer, LLC's income tax returns reflected income in 2010 and 2011 from the cabinet business.

## Pre-Petition Transfers

78.    The Debtor used his Father's credit card in the year prior to the Petition Date and paid him back for those uses.

79.    Pursuant to a Settlement Agreement and Final Judgment and Decree of Divorce, the Debtor transferred to Ann Geer $15,000 worth of "Household Furniture and Goods" and $14,000 "from retirement accounts."

80.    Also Pursuant to a Settlement Agreement and Final Judgment and Decree of Divorce, in February 2012, the Debtor paid Ann Geer $4,000.00 in exchange for her interest in Red Barchetta Holdings, LLC, Walt Geer, LLC, Core Advisory Services, Phenix Home Source, Core Rewards, and 16056 Inventory Management LLC.

81.    On November 23, 2011, the Debtor wrote a $500 Red Barchetta check (No. 3079) to Ann Geer.

82.    On November 24, 2011, the Debtor wrote a $5,000 Red Barchetta check (No. 3080) to Ann Geer.

83.    On January 4, 2012, the Debtor wrote a $92 Red Barchetta check (No. 3090) to Ann Geer.

**Debt owed to Moyer**

84.    On June 29, 2007, the Bank made a loan to Phenix in the original principal amount of $500,000 (the "Loan"), which was later increased to $750,000, which Loan the Debtor personally guaranteed (the "Geer Guaranty").

85.    By notice dated September 23, 2008, the Bank declared the Loan in default, and demanded payment from Phenix and its guarantors for the outstanding balance of $753,020.83, consisting of principal in the amount of $750,000.00 and accrued interest in the amount of $3,020.83.

86.    On October 8, 2008, the Bank and Moyer entered into an agreement, pursuant to which Moyer purchased from the Bank and the Bank sold and assigned to Moyer the Loan, all collateral for the Loan, and the associated loan documents, including the Geer Guaranty.

87.    By letter dated October 14, 2008, Moyer made demand upon the Debtor for payment of his obligations in connection with the Loan and the Geer Guaranty.

88.    The Debtor has not paid the sums due and owing to Moyer in connection with the Loan and the Geer Guaranty.

89.    In early 2012, the Debtor knew that the Moyer was seeking repayment of the debt.

90.    On June 19, 2012, Moyer commenced suit against the Debtor in the United States District Court for the Northern District of Georgia, Case No. 12-cv-02102-SCJ, to recover $1,303,715 plus interest on the Loan and the Geer Guaranty.

91.    The Debtor never answered the Complaint Moyer filed against him in the United States District Court for the Northern District of Georgia and on September 18, 2012, Moyer filed a motion for entry of a default judgment against the Debtor.  The Clerk of the court entered a default judgment against the Debtor on September 19, 2012.

## Miscellaneous

92.    As of the Petition Date, the Debtor owned at 401K account with a value of at least $11,300.

93.    Between June and December 2009, the Debtor wrote 19 checks on Phenix accounts (including one check for more than $1,000.00 made payable to the Debtor personally), that disbursed in excess of $65,000.00.

94.    Cabinets sales were made through the eCabinetLiquidators.com website.

95.    At some point after March 2009, the Debtor repaid Flowers for a salary he received while working for Enterprise.

96.    The Debtor named Red Barchetta after a song of the same name, written by the band Rush, which has been the Debtor's favorite band since he was a kid.

[INTENTIONALLY BLANK]

Respectfully submitted, this 19th day of December, 2013.

KAUFMAN, COREN & RESS, PC
Attorneys for Philip Moyer
By: */S/ David Dormont*
DAVID DORMONT (PA BAR 66252)
Counsel *Pro Hac Vice*
STEVEN M. COREN (PA BAR 32140)
Counsel *Pro Hac Vice*
TWO COMMERCE SQUARE, SUITE 3900
2001 MARKET STREET
PHILADELPHIA, PA 19103
(215) 735-8700
(215) 735-5170 (fax)

QUIRK & QUIRK, LLC
Local Counsel for Philip Moyer
DOUGLAS D. FORD
Georgia Bar Number 142249
LAWRENCE R. LANDRY
Georgia Bar Number 434225
6000 LAKE FORREST DRIVE, NW
SUITE 300
ATLANTA, GA 30328
(404) 252-1425

THE ROTHBLOOM LAW FIRM Attorneys for
Walter Idus Geer, III
By: */S/ Howard D. Rothbloom*
HOWARD D. ROTHBLOOM
GEORGIA BAR NO. 915670
ADAM D. HERRING
GEORGIA BAR NO. 441119
31 ATLANTA STREET
MARIETTA, GEORGIA 30060
(770)792-3636
(770)792-3281 (fax)

G:\Docs\MOYER, PHILIP\Geer Bankruptcy\Adversary Proceeding\Trial Prep\Stipulated Facts - Final.wpd

# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re:<br>**WALTER IDUS GEER, III,**<br>Debtor. | **Chapter 7**<br><br>**Case No. 12-73864-WLH** |
| **PHILIP MOYER,**<br>Plaintiff,<br>v.<br>**WALTER IDUS GEER, III,**<br>Defendant. | **ADVERSARY PROCEEDING<br>NO. 13-5155** |

### TRIAL EXHIBIT LIST

| Trial<br>Exhibit<br>No. | Description | Exhibit |
|---|---|---|
| | **TRANSCRIPTS** | |
| 1. | Transcripts of Creditors' Review Meeting held October 23, 2012 | WGEX-1 |
| 2. | Transcript of Walter Idus Geer, III's deposition testimony taken on March 7, 2013 | WGEX-117 |
| 3. | Walt Geer's 2004 Examination Notes | WGEX-127 |
| 4. | Transcript of Walter Idus Geer, III's deposition testimony taken on September 11, 2013 | |
| 5. | Walter Idus Geer, III's deposition testimony taken on May 30, 2013 in *PictureU Promotions, Inv. v. Jones, et al.* | |
| | **BANKRUPTCY FILINGS** | |
| 6. | Walter Idus Geer, III's Petition for Bankruptcy filed September 25, 2012 | WG341-1 |

| 7. | Walter Idus Geer, III's Amended Statement of Financial Affairs and other documents filed November 1, 2012 | WGEX-5 |
|---|---|---|
| 8. | Walter Idus Geer, III's Amended Statement of Financial Affairs filed November 15, 2012 | WGEX-6 |
| 9. | Walter Idus Geer, III's Amended Summary of Schedules and other documents filed November 20, 2012 | WGEX-7 |
| 10. | Walter Idus Geer, III's Amended Statement of Financial Affairs and other documents filed March 5, 2013 | WGEX-94 |
| | **Financial Condition** | |
| 11. | Walter I. Geer, III's Personal Financial Statement as of August 31, 2010 | WGEX-11 |
| 12. | E-mails dated July 25, 2011 between Will Geer and Walt Geer re: attorney recommendations, forwarded to Bill R. Lester | WGEX-8 |
| 13. | Email exchange dated September 20, 2011 between Walt Geer, III and Walt Geer, II re: update | WGEX-9 |
| 14. | Email dated February 17, 2012 from Walt Geer to Phillip Moyer re: Talk | WGEX-3 |
| 15. | Email dated January 30, 2013 from Walt Geer to Phillip Moyer re: An appeal for compassion and decency | WGEX-10 |
| | **BANK ACCOUNT INFORMATION** | |
| 16. | Bank Account Statements of Walter I. Geer, III & Ann C. Geer from August 4, 2008 through April 6, 2011 | WGEX-18 |
| 17. | Bank Account Statements of Walter I. Geer, III from March 25, 2011 to October 12, 2012 | WGEX-46 |
| 18. | Bank Account Statements of Red Barchetta Holdings from September 20, 2010 through September 30, 2013 | WGEX-12 |
| 19. | Transaction Detail Report of Red Barchetta Checking Account for the period September 30, 2010 - December 29, 2010 | WGEX-20 |
| 20. | Red Barchetta Holdings, LLC checks 3059-3129 | WGEX-48 |
| 21. | Red Barchetta's Handwritten Check Register | WGEX-92 |
| 22. | Bank Account Statements of 2010 Geer Family Trust from September 30, 2010 through June 12, 2012 | WGEX-61 |

| 23. | Bank Account Statements of 2010 Geer Family Trust from June 12, 2012 to October 22, 2012 | WGEX-64 |
|---|---|---|
| 24. | 2010 Geer Family Trust Checks 102-105 | WGEX-42 |
| 25. | Email dated February 18, 2013 from Will Geer, Esquire to David Dormont, Esquire re: Walt Geer Bankruptcy | WGEX-51 |
| 26. | Walt Geer, LLC - Cabinet Liquidation check register 4/30/2010 – 10/22/2010 | WGEX-89 |
| 27. | Transaction Detail Report of Walt Geer, LLC checking account for the period January 1, 2010 through December 31, 2010 | WGEX-77 |
| 28. | Phenix Homesource checks | |
| 29. | E*TRADE SEP IRA Statement for the period of August 1, 2011 - August 31, 2011 | WGEX-32 |
| 30. | E*TRADE Traditional IRA Statement for the period of August 1, 2011 - August 31, 2011 | WGEX-33 |
| 31. | Email dated November 26, 2012 from E*TRADE Securities to Walt Geer re: Sweep Changes Notification - No Action is Necessary | WGEX-31 |
| | **Tax Returns** | |
| 32. | 2009 Individual Tax Return of Walter I. III and Ann C. Geer | WGEX-29 |
| 33. | 2010 Individual Tax Return of Walter I. III and Ann C. Geer | WGEX-30 |
| 34. | 2011 Individual Tax Return of Walter I. III and Ann C. Geer | WGEX-50 |
| 35. | 2010 Partnership Tax Return of Red Barchetta Holdings, LLC | WGEX-58 |
| 36. | 2011 Tax Returns of Red Barchetta Holdings, LLC | WGEX-49 |
| 37. | Email dated January 3, 2012 from Walt Geer to Kendyl Strickland re: owe you anything? - 2010 tax liability | WGEX-47 |
| 38. | 2008-2010 Property Tax Statements for Walt Geer, 359 Hood Rd., Jasper, GA 30143 | WG341-15 |
| | **PICTUREU** | |
| 39. | Management Advisory Agreement between Enterprise Incentive Solutions, Inc. And Picture U Promotions dated March 1, 2009 | WGEX-13 |
| 40. | Georgia Secretary of State Report on Enterprise Incentive Solutions, Inc. | WGEX-14 |

| 41. | CoreRewards website "Welcome" | WGEX-15 |
|---|---|---|
| 42. | CoreRewards website "Company Profile" | WGEX-16 |
| 43. | Letter dated August 10, 2013 from Kendyl Strickland to Doug Ford | WGEX-105 |
| 44. | Emails dated August 13, 2013 between Kendyl Strickland and Doug Ford re: keq-general-15657-geer | WGEX-135 (WGEX-107) |
| 45. | Management Advisory Agreement Extension between Walt Geer and PictureU Promotions, Inc. dated December 31, 2009 | WGEX-19 |
| 46. | PictureU Promotions, Inc. 2009 Transactions with Walt Geer & Enterprise Incentive Services, Inc. | WGEX-17 |
| 47. | PictureU Vendor QuickReport regarding Walt Geer | WGEX-138 |
| 48. | PictureU Vendor QuickReport regarding Enterprise Incentive Services, Inc. | WGEX-139 |
| 49. | PictureU Vendor QuickReport for Red Barchetta Holdings, LLC | WGEX-140 |
| 50. | PictureU Vendor QuickReport for Enterprise Incentive Solutions, Inc. | WGEX-141 |
| 51. | PictureU Employee Earnings Record for Walt Geer for 2013 | WGEX-102 |
| 52. | PictureU Expenses Walt Geer 10/18/11 – 2/9/12 | WGEX-118 |
| 53. | PictureU Expenses Walt Geer 2/10/12 – 3/16/12 | WGEX-119 |
| 54. | PictureU Expenses Red Barchetta Holdings, LLC 5/1/12 – 9/28/12 | WGEX-120 |
| 55. | Emails dated November 16-18, 2011 between Brad Klabik and Walt Geer re: Dan Merkel gave me your information | WGEX-21 |
| 56. | Emails dated June 18 & 28, 2012 between Allison Mitchell (JEZEBEL Magazine) and Walt Geer re: Jezebel Magazine Most Eligible 2012 | WGEX-22 |
| 57. | Emails dated July 3, 2012 between Walt Geer and Susan | WGEX-23 |
| 58. | Emails dated July 9, 2012 between Sheryl Pouech to Walt Geer re: Hi | WGEX-24 |
| 59. | Emails dated August 4, 2012 between nmp1515 and Walt Geer re: Match.com Message | WGEX-25 |
| 60. | Emails dated August 24 & 25, 2012 between Walt Geer and Douglas Stewart re: Email I said I was going to send | WGEX-26 |

| 61. | Emails dated October 11, 2012 between Walt Geer and Katie Terry re: I appreciate that you | WGEX-27 |
|---|---|---|
| 62. | Emails dated November 4-16, 2012 between Katie Terry and Walt Geer re: Follow-up | WGEX-28 |
| | **16056 Henderson Road** | |
| 63. | Joint Tenancy with Survivorship Warranty Deed between Walter Geer and Walt Geer & Ann Geer dated April 3, 2009 | WGEX-34 |
| 64. | Fulton County Owner and Parcel Information for 16056 Henderson Road | WGEX-35 |
| 65. | Email dated January 27, 2010 from Chris Trower to Walt Geer re: QPRT Deeds, forwarded to Ann Geer on February 5, 2010 | WGEX-113 |
| 66. | Email dated January 30, 2011 from Walt Geer to Ann Geer re: Budget and Immediate Ideas | WGEX-114 |
| 67. | Email dated September 3, 2012 from Walt Geer to Steve Beecham re: Ann's Income and Interest in the home | WGEX-36 |
| 68. | Ann & Walt - 2012 Reconciliation | WGEX-44 |
| 69. | 16056 Henderson Road - Worksheet | WGEX-45 |
| 70. | Emails dated November 7 & 9, 2012 between Tasha Karamipoutalam and Walt Geer re: 202 Wade Creek Road | WGEX-37 |
| 71. | Email exchange dated October 23-30, 2012 between Walt Geer and Michael O'Keefe re: Geer home for lease purchase | WGEX-38 |
| 72. | Emails dated November 4, 2012 from Walt Geer to Michael O'Keefe re: Latest Thoughts - Geer home/lease purchase | WGEX-39 |
| 73. | Emails dated November 27, 2012 between Jay Flowers and Walt Geer re: Check for Ann? | WGEX-108 |
| 74. | John H. Flowers checks #3974 and #3975 | WGEX-109 |
| | **2010 Geer Family Trust** | |
| 75. | 2010 Geer Family Trust Agreement | WGEX-52 |
| 76. | Operating Agreement of Red Barchetta Holdings, LLC | WGEX-57 |
| 77. | Ann & Walt Geer Family Contribution Report for Academic Year 2011-2012 | WGEX-126 |

| 78. | Email dated June 22, 2011 from Walt Geer, III to Walter I Geer, II re: 2010 Geer Family Trust Trustee | WGEX-123 |
|---|---|---|
| 79. | Email dated June 11, 2012 from Walt Geer, III to Will Geer and Walter I. Geer, II re: Trust checking account | WGEX-63 |
| 80. | Emails dated September 9-10, 2012 between Walt Geer, III and Will Geer & Walter I Geer, II re: 2010 Geer Family Trust tax return for 2011, forwarded to Misty Seebachan | WGEX-62 |
| 81. | Email dated June 12, 2012 from Walt Geer, III to Walt I. Geer, II re: Resort info | WGEX-65 |
| 82. | Email dated June 12, 2012 from Walt Geer, III to Walt I. Geer, II re: Credit card changes | WGEX-66 |
| | **Divorce** | |
| 83. | Signed Defendant's Initial Domestic Relations Financial Affidavit dated May 31, 2011 | WGEX-112 |
| 84. | Defendant's Initial Domestic Relations Affidavit (unsigned) | WGEX-59 |
| 85. | Defendant's Initial Domestic Relations Affidavit (unsigned) | WGEX-60 |
| 86. | Defendant's Responses and Objections to Plaintiff's First Continuing Interrogatories to Defendant in *Ann Geer v. Walter Geer, III* | WGEX-133 |
| 87. | Settlement Agreement and Parenting Plan between Ann Geer and Walter I. Geer, III filed February 9, 2012 | WGEX-40 |
| 88. | Draft Amended Final Judgment and Decree of Divorce | WGEX-115 |
| 89. | Amended Final Judgment and Decree of Divorce between Ann Geer and Walter I. Geer, III filed October 2, 2012 | WGEX-41 |
| | **Distributions to Ann Geer** | |
| 90. | PowerPoint Presentation prepared by Walt Geer re: Transfers to Ann Geer | WGEX-116 |
| 91. | Email dated March 21, 2013 from Walt Geer, II to Walt Geer, III re: Trust Slides | WGEX-124 |
| 92. | Email dated July 27, 2012 from Walt Geer, III to Walter I. Geer, II re: Request for money to the Trust | WGEX-53 |

| 93. | Email dated September 6, 2012 from Walt Geer, III to Walter Geer, II re: Authorization for distribution from Red Barchetta Holdings, LLC | WGEX-43 |
| 94. | Emails dated September 6, 2012 between Walt Geer, III and Walter I. Geer, II re: Check to Ann | WGEX-54 |
| 95. | Emails dated September 6, 2012 from Walt Geer, III to Walter I Geer, II re: Distribution of Funds | WGEX-55 |
| 96. | Emails dated September 6, 2012 between Walt Geer and Walter I. Geer, II re: Distribution of Funds to Trust | WGEX-56 |
| | **Phenix Inventory** | |
| 97. | Application of Walt Geer, LLC for Line of Credit from Advance Financial Corporation dated 12/29/2009 | WGEX-67 |
| 98. | Pricing for Darrell Morris | WGEX-70 |
| 99. | Precision Cabinets & Design, LLC checks 1252, 2073 & 2107 made payable to Walt Geer, LLC | WGEX-71 |
| 100. | Walt Geer, LLC Inventory Pledge and Schedule re: Inventory per perpetual record at March 29, 2010 | WGEX-72 |
| 101. | Walt Geer, LLC Inventory Pledge and Schedule re: Inventory per perpetual record at September 17, 2010 | WGEX-73 |
| 102. | Advanced Part List - Precision Cabinet Works & Design | WGEX-74 |
| 103. | Bill of Sale dated December 30, 2009 from Phenix Homesource, LLC to Walt Geer, LLC | WGEX-75 |
| 104. | Chart - Frank Murphy | WGEX-76 |
| 105. | Email dated June 1, 2009 from Walt Geer to Jay Flowers, et al. re: Update on Phenix Inventory liquidation plan | WGEX-78 |
| 106. | eCabinetLiquidators Sales Chart | WGEX-79 |
| 107. | Phenix HomeSource - Liquidation FOB Jasper GA 30143 | WGEX-80 |
| 108. | eCabinetLiquidators - Phenix HomeSource Orders | WGEX-81 |
| 109. | CoreServices, a division of EIS, LLC, Cielo Cabinets Revised PO Value dated May 29, 2009 | WGEX-83 |
| 110. | Table with Sales Commission Calculation | WGEX-84 |
| 111. | Operating Agreement of 16056 Inventory Management, LLC | WGEX-131 |

| 112. | Bill of Sale and Assumption Agreement dated October 14, 2010 between Walt Geer, LLC and 16056 Inventory Management Company, LLC | WGEX-132 |
|---|---|---|
| 113. | Diagram - St. Martin USA, Walt Geer, LLC and NewCo Mktg | WGEX-82 |
| 114. | Certificate of Incorporation of Mobetta Home Improvement, Inc. dated July 21, 2008 | WG341-24 |
| | **Hood Road Property** | |
| 115. | Warranty Deed dated May 29, 2007 between Atlanta-East, Inc. and Walt Geer, for 359 Hood Road property | WGEX-134 |
| 116. | Pickens County Assessors Office Owner and Parcel Information for 359 Hood Road | WGEX-85 |
| 117. | Lease Agreement between Walt Geer, LLC and Precision Cabinet Works dated December 29, 2009 | WGEX-68 |
| 118. | Lease Agreement between Walt Geer, LLC and Precision Cabinet Works dated September 27, 2010 | WGEX-69 |
| 119. | Remodel Warehouse Rental Agreement between Walt Geeer, LLC and Wal-Mart Stores East, L.P. dated June 11, 2010 | WGEX-88 |
| 120. | Emails dated April 19-20, 2011 between Walt Geer and Tucker Appraisals re: Walt Geer email | WGEX-87 |
| 121. | Petition to Demand Payment of Excess Bid dated June 8, 2011 | WGEX-86 |
| 122. | Email dated June 25, 2010 from Chris Trower to Walt Geer re: Red Barchetta Holdings, LLC — Instrument of Transfer, forwarded to Ann Geer on March 11, 2011 | WGEX-111 |
| | **Pleadings** | |
| 123. | Complaint in *Philip Moyer v. Walter Idus Geer, III*, U.S. Bankr. Ct., N.D. Ga., Adversary Proceeding, No. 13-5155 | |
| 124. | Walt Geer's Answer to Complaint in *Philip Moyer v. Walter Idus Geer, III*, U.S. Bankr. Ct., N.D. Ga., Adversary Proceeding, No. 13-5155 | WGEX-128 |
| 125. | Defendant's Responses to Plaintiff's First Set of Interrogatories and Document Requests | WGEX-129 |
| 126. | Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories and Document Requests | WGEX-130 |

| 127. | Complaint in *Philip Moyer v. Walter Idus Geer, III*, U.S.D.C. N.D. Ga., Adversary Proceeding, No. 12-2102 | |
| 128. | Docket in *Philip Moyer v. Walter Idus Geer, III*, U.S.D.C. N.D. Ga., Adversary Proceeding, No. 12-2102 | |
| | **Phenix Homesource Loan** | |
| 129. | Credit Agreement Change in Terms Agreement (Loan No. 4001065900) dated August 16, 2007 between Georgian Bank and Phenix Homesource, LLC | |
| 130. | Georgian Bank's Commercial Guaranty signed by Walt Geer guarantying borrowing of Phenix HomeSource LLC | |
| 131. | Agreement dated October 8, 2008 between Philip Moyer and Georgian Bank assigning Credit Agreement (Loan No. 4001065900) and other loan documents | |
| 132. | Letter dated October 14, 2008 from Gregory T. Parks on behalf of Philip Moyer to Walt Geer | |
| 133. | Email dated January 12, 2009 from Walt Geer to Philip Moyer and Frank Murphy | |
| 134. | Email dated January 16, 2012 from Walt Geer to Kendyl Strickland re: Losses carry froward questions | WGEX-4 |
| | **SUBPOENAS AND RESPONSES** | |
| 135. | Subpoena for Rule 2004 Examination directed to Walter Idus Geer, III | WGEX-2 |
| 136. | Subpoena dated August 15, 2013 directed to PictureU Promotions, Inc. | WGEX-95 |
| 137. | Subpoena dated June 21, 2013 directed to Custodian of Records, PictureU Promotions | WGEX-96 |
| 138. | PictureU Promotions, Inc.'s Response to Plaintiff's Subpoena | WGEX-97 |
| 139. | Subpoena dated June 21, 2013 directed to Jay Flowers | WGEX-103 |
| 140. | Subpoena dated June 21, 2013 directed to Custodian of Records, Enterprise Incentive Solutions, Inc. | WGEX-104 |
| 141. | Subpoena dated June 26, 2013 directed to Walter Idus Geer, II | WGEX-122 |
| | **MISCELLANEOUS** | |

9

| 142. | Walt Geer's LinkedIn profile page | WG341-2 |
| 143. | Walt Geer's Facebook Time line | WG341-3 |
| 144. | Walt Geer's Twitter Time line | WG341-4 |
| 145. | Red Barchetta Holdings' profile on Bizapedia | WG341-5 |
| 146. | Red Barchetta lyrics by Rush | WG341-6 |
| 147. | Emails dated August 30, 2012 between Walt Geer and Michael Gavenchak re: Ferrari_California_Quote | WGEX-90 |
| 148. | Email dated October 2, 2012 from accountupdate@godaddy.com to Walt Geer re: Important Notice Regarding your Domain Name | WGEX-91 |
| 149. | Letter dated March 11, 2009 acknowledging the Memorandum of Understanding signed by Jay Flowers | WGEX-121 |
| 150. | Email chain dated June 29-July 1, 2011 between Jay Flowers and others re: Phenix Global Outstanding Balance | WGEX-106 |
| 151. | Emails dated October 27, 2011 between Jay Flowers and Walt Geer re: We're still alive... | WGEX-110 |
| 152. | Letter date March 27, 2000 from Jerome P. Doyle, Esquire to Walt Geer re: eCompanyStore.com, Inc. Stock Certificate | |
| 153. | Notice of Sale of Securities Pursuant to Regulation D for the eCompanyStore.com, Inc. filed on April 30, 2002. | |
| 154. | Proxy Solicitation for Special Meeting of Shareholders of Ecompanystore.com, Inc. to be Held on March 29, 2010 (from Geer's Computer records - "Personal Files") | |
| 155. | Walt Geer's electronically produced computer records | |

G:\Docs\MOYER, PHILIP\Geer Bankruptcy\Adversary Proceeding\Trial Prep\Plaintiff's Exhibit List.wpd